UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEREMY BEEDLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:14-cv-02126-ERW-NCC |
| ) | |
| JAY CASSADY,[1] ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on Petitioner's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 4). This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) (Doc. 5). After reviewing the case, the Court has determined that Petitioner is not entitled to relief. As a result, the Court will recommend that the Amended Petition be denied and the case dismissed.

**I. BACKGROUND**

On February 19, 2010, Petitioner was convicted by a jury in the Circuit Court of Iron County, Missouri, of four counts of first degree statutory sodomy and one count of first degree statutory rape[2] (Ex. B at 3-4, 16, 143-147). The Circuit Court, on May 24, 2010, sentenced Petitioner to five concurrent terms of fifty years' imprisonment in the Missouri Department of Corrections (*Id.* at 3-4, 16, 184-187).

---

[1] Petitioner is currently incarcerated at Jefferson City Correctional Center in Jefferson City, Missouri (Doc. 36). Jay Cassady is the Warden and proper party respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

[2] Petitioner was also charged with, and entered an Alford plea to, a fifth count of first degree statutory sodomy not at issue in this case; the Count was severed from the original case (See Ex. B at 4, 6, 41-46).

Petitioner filed a direct appeal raising one claim:

(1) The trial court abused its discretion in sustaining the State's objection to Britney Poole's testimony that B.W. admitted that she lied about her allegations against Petitioner.

(Ex. C at 16).  The Missouri Court of Appeals for the Southern District, finding no error of law, affirmed the judgment (Ex. E).

On July 2, 2012, Petitioner filed a motion for post-conviction relief (Ex. F at 3, 8-14).  On October 16, 2012, with the assistance of counsel, Petitioner filed an Amended Motion (*Id.* at 15-30).  Following an evidentiary hearing held on February 25, 2013, the motion court denied Petitioner's motion on May 31, 2013 (*Id.* at 32-35, 31-49).  On February 3, 2014, Petitioner appealed the motion court's decision, raising the following two grounds for relief:

(1) The motion court clearly erred in denying Petitioner's Motion for Post-Conviction Relief because trial counsel was ineffective for failing to object to the testimony elicited by the state that Petitioner was living with Britney Poole when he was 24 years old and she was sixteen years old, and that she had gotten pregnant by appellant when she was sixteen years old; and

(2) The motion court clearly erred in denying Petitioner's Motion for Post-Conviction Relief because trial counsel was ineffective for failing to object to the testimony of Timothy Burton that B.W. was not the first 13-year-old with whom Petitioner had sex.

(Ex. H).  On August 25, 2014, the Missouri Court of Appeals for the Southern District affirmed the Circuit Court's denial of the motion (Ex. J).

On September 31, 2014, Petitioner filed his Section 2254 Petition (Doc. 1).  On January 27, 2015, Petitioner filed an Amended Petition in which he raises the following three grounds for relief:

(1)  The trial court erred when it did not allow Britney Poole to testify that B.W. said to her that the allegations against Petitioner were false (Doc. 4 at 5);

(2)  Trial counsel was ineffective because counsel did not object to testimony that Petitioner's girlfriend was sixteen when he moved in with her and she became pregnant by him (*Id.* at 6); and

2

>    (3)  Trial counsel was ineffective because counsel did not object to testimony that the victim was not Petitioner's first under-age girl (*Id.* at 8).

As a preliminary matter, because Petitioner's Amended Petition supersedes his original Petition, the Court will recommend that Petitioner's original Petition be denied as moot.  *See In re Wireless Tel. Fed. Cost Recovery Fee Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect.").

## II. DISCUSSION

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions."  *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003).  Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Id.* at 407-08.  Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively

3

correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).

**A. Trial Court**

First, Petitioner asserts that the trial court erred when it did not allow Britney Poole to testify that B.W. said to her that the allegations against Petitioner were false (Doc. 4 at 5). Specifically, Petitioner asserts that on several occasions B.W. told his girlfriend, Britney Poole, that her allegations against Petitioner were a lie (*Id.*). However, Petitioner argues, when trial counsel questioned Ms. Poole regarding B.W.'s statements, the state objected and the objection was sustained, denying the Petitioner his right to present a defense (*Id.*).

The appellate court's decision is not contrary to or an unreasonable application of federal law. The appellate court addressed the issue and found, "no merit in [Petitioner's] claim for a number of reasons" (Ex. E at 8). The appellate court determined that Britney Poole's testimony was not, in fact, excluded from evidence (*Id.*). The testimony was presented, the state objected, and the trial court sustained the objection outside the jury's hearing (Doc. 19-2 at 193-96). The testimony was not stricken from the record and the jury was not instructed to disregard the testimony (*Id.* at 196). Indeed, upon review of the courtroom transcript and as noted by the appellate court, such testimony remains before the jury (Ex. E at 8-9). In other words, the jury still heard from Britney Poole that B.W. had lied to her "several" times. *See Smith v. Russell*, No. 4:13-CV-2111-SPM, 2017 WL 914257, at *9 (E.D. Mo. Mar. 8, 2017) (finding the state court reasonably found that petitioner could not show prejudice, in part, because the jury still heard some evidence, not stricken from the record after objection, that there had been prior arguments between petitioner and the victim). Furthermore, the appellate court determined that the trial court would not have abused its discretion even if it had excluded the testimony because

4

the testimony was cumulative of other evidence in the record that B.W. made several inconsistent statements (Ex. E at 10). Indeed, as the appellate court found, the record is replete with evidence of B.W.'s prior inconsistent statements.

> The evidence of these prior inconsistent statements included (1) the child victim's own admissions at trial that she had told multiple people (including Britney) her initial allegations against Appellant were false, (2) the child victim's letter to Britney in which the child victim stated her initial allegations against Appellant were false, (3) her boyfriend's testimony that the child victim told him she had "lie[ d]" and she "just made everything up about [Appellant]," and (4) a tape recording of the child victim's telephone call to Beth Gimmer slightly more than one month before trial in which the child victim apparently again stated her initial allegations against Appellant were false. (*Id.* at 9).

*Rucker v. Norris*, 563 F.3d 766, 770 (8th Cir. 2009) (finding any error by the state trial court to exclude testimony to be harmless in light of the substantial cumulative evidence). Therefore, the Court recommends Ground 1 be denied.

**B. Ineffective Assistance of Trial Counsel**

Next, Petitioner raises two grounds of ineffective assistance of his trial counsel. They are: 1) Petitioner asserts that trial counsel was ineffective because counsel did not object to testimony that Petitioner's girlfriend, Britney Poole, was sixteen when he moved in with her and she became pregnant by him; and 2) Petitioner argues that trial counsel was ineffective because counsel did not object to testimony that the victim was not Petitioner's first under-age girl. In order to state a claim of ineffective assistance of trial counsel, Petitioner must demonstrate that his counsel's performance was deficient and that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient representation means counsel's conduct fell below the conduct of a reasonably competent attorney. *Id.* To establish prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Federal habeas review of a *Strickland* claim is highly deferential, because "[t]he question is not whether a federal court

5

believes the state court's determination under the *Strickland* standard was incorrect but whether the determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (internal quotations and citations omitted).

**1. Ground 2: Testimony Regarding Petitioner's Girlfriend**

In Ground 2, Petitioner asserts that trial counsel was ineffective because counsel did not object to testimony that Petitioner's girlfriend, Britney Poole, was sixteen when he moved in with her and she became pregnant by him (Doc. 4 at 6). Specifically, Petitioner asserts that his trial counsel should have objected to his evidence because it was improper evidence of prior bad acts (*Id.*). During the trial, the State elicited testimony that Petitioner was living with Britney Poole when he was 24 years old and she was sixteen years old, and that she had gotten pregnant by appellant when she was sixteen years old (Doc. 19-2 at 183-88, Doc. 19-3 at 6-7).

The motion court found that testimony regarding their living arrangements not to be evidence of prior bad acts (Ex. F at 46). As to the timing of the pregnancy, the motion court determined that although trial counsel could not recall why he did not object to the testimony, Petitioner failed to meet his burden of proving that counsel's failure to object so affected the totality of the two-day proceedings that it substantially deprived him of his right to a fair given the context of the elicited testimony and the substantial evidence of Petitioner's guilt (*Id.*). The post-conviction appellate court found, upon review of the trial record, that the motion court's findings were not clearly erroneous and concluded that "there is no reasonable probability that, but for trial counsel's failure to object to evidence of [Petitioner's] and his girlfriend's ages, the jury's verdict would have been different," relying in large part on the defense's decision to offer similar evidence at trial (Ex. J at 6).

The Missouri courts reasonably applied *Strickland*. Trial counsel's decision not to object

6

to the State's questioning regarding the living arrangement or Britney Poole's age did not so prejudice Petitioner as to render his trial fundamentally unfair.  The testimony that Petitioner and his girlfriend were living together was not in of itself evidence of prior bad acts.  Upon review of the transcript, as noted by the motion court, the questions regarding Ms. Poole's age occurred during a lengthy cross-examination (Doc. 19-2 at 82).  While trial counsel could not recall the exchange, it would be a reasonable trial strategy, in light of the context of the questioning, not to draw attention to this testimony.  "The court does not 'second-guess' trial strategy or rely on the benefit of hindsight and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective." *Williams v. United States*, 452 F.3d 1009, 1013 (8th Cir. 2006) (internal citation omitted).  *See also Dansby v. Hobbs*, 766 F.3d 809, 836 (8th Cir. 2014) (finding it reasonable trial strategy not to emphasize the comments further by objecting to them when the comments at issue made up only eight lines of the closing argument).  Further, Britney Poole testified during direct examination by the defense that Petitioner was the father of her child and that she and the Petitioner were sharing a bedroom in December 2006 (Doc. 19-2 at 181, 190).  *See also* Doc. 19-1 at 180-81 (defense counsel indicating the nature of Petitioner and Ms. Poole's relationship during the examination of another witness).  Regardless, Petitioner cannot establish that but for this error the trial outcome would be different as there is substantial evidence on the record of Petitioner's guilt, including the testimony from the victim, multiple admissions by Petitioner, and evidence of letters written by Petitioner to the victim regarding their relationship (Doc. 19-1 at 206 (letters); Doc. 19-1 at 173-176, Doc. 19-2 at 60-61, 90-91 (admissions); *See* Doc. 19-1 at 188 to Doc. 19-2 at 34 (victim's testimony)).  *Strickland*, 466 U.S. at 688; *see also Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007).  Accordingly, the Court finds that neither Missouri court issued a decision that was contrary to federal law or an

7

unreasonable application of federal law. Therefore, the undersigned will recommend that Ground 2 be denied.

### 2. Ground 3: Tim Burton's Testimony

In Ground 3, Petitioner argues that trial counsel was ineffective because counsel did not object to testimony that the victim was not Petitioner's first under-age girl that he "had" (Doc. 4 at 8). During Petitioner's trial, Tim Burton ("Burton"), a person who was incarcerated with Petitioner at the county jail and friend of the victim's mother, testified that Petitioner told him that B.W. "was the best 13 year old he'd ever had" and that she was not the first (Doc. 19-1 at 173-176). Trial counsel's objection to this testimony on the basis of hearsay was overruled (Doc. 19-1 at 173).

The motion court determined that trial counsel made "a reasonable strategic decision following his consultation with co-counsel and after weighing the impact of Mr. Burton's testimony" (Ex. F at 47). Specifically, the motion court indicated that trial counsel testified that while he did not recall hearing Mr. Burton's statement about B.W. not being the first, trial counsel testified that he remembered asking co-counsel what was said and co-counsel informed him that the State had stopped Mr. Burton. Therefore, trial counsel believed the issue remediated. Further, trial counsel indicated that he did not believe that Mr. Burton's testimony was "overly harmful to the defense" as Mr. "Burton did not present well to the jury, came across as a jailhouse snitch, and evinced a clear bias due to being a friend of B.W.'s mother" (Ex. F at 47). The post-conviction appellate court determined that the motion court's decision was not clearly erroneous "especially in light of the strong presumption counsel's conduct was reasonable and effective" (Ex. J at 7).

The Missouri courts reasonably applied *Strickland*. Trial counsel's decision not to object

8

to Mr. Burton's testimony was a reasonable trial strategy in light of the defense's perception that Mr. Burton did not come across well to the jury.  As defense counsel and the state courts noted, Mr. Burton testified to a friendship with the victim's mother, suggesting a bias towards the victim and therefore the prosecution.  *Williams*, 452 F.3d at 1013.  Further, Petitioner cannot establish that but for this alleged error there is a reasonable probability that the trial outcome would be different because there is substantial evidence on the record of Petitioner's guilt that is explained in more detail above.  *Strickland*, 466 U.S. at 688; *see also Cagle*, 474 F.3d at 1095.  Accordingly, the Court finds that neither Missouri court issued a decision that was contrary to federal law or an unreasonable application of federal law.  Therefore, the undersigned will recommend that Ground 3 be denied.

## C. New Claims Raised in Petitioner's Reply

To the extent Petitioner raises any new grounds for relief in his reply (Doc. 33), the Court may only address claims raised in his Amended Petition.  *See Ruth v. Missouri*, No. 11-3487-CV-S-RED-P, 2012 WL 2194152, at *9 (W.D. Mo. June 14, 2012); *Scott v. Fondren*, No. CIV. 09-762 RHK/JJG, 2009 WL 3855926, at *3 (D. Minn. Nov. 17, 2009).  Therefore, the Court recommends that any new grounds raised in his reply be denied.

## III.  CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to federal habeas relief.  Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right*." Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted).  Thus, the court will not recommend a certificate of appealability issue.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's Original Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED, as moot**.

**IT IS FURTHER RECOMMENDED** that Petitioner's Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 4) be **DENIED**, and this action **DISMISSED**;

**IT IS FURTHER RECOMMENDED** that no certificate of appealability should issue. 28 U.S.C. § 2253.

The parties are advised that they have fourteen (14) days in which to file written objections to these recommendations pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990). Dated this 18th day of January, 2018.

      /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE